U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED 1-9-20
CAROL L. MICHEL
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 19-008 |
| v. | * | SECTION: L |
| EDD SCAFIDEL, JR. | * | |

\* \* \*

## FACTUAL BASIS

The defendant, **EDD SCAFIDEL, JR.** (hereinafter, the "defendant" or "SCAFIDEL"), has agreed to plead guilty as charged to the Indictment currently pending against him, charging him with receipt of child pornography, in violation of Title 18, United States Code, Section 2252(a)(2). Should this matter proceed to trial, both the Government and the defendant, **EDD SCAFIDEL, JR.**, do hereby stipulate and agree that the following facts set forth a sufficient factual basis for the crimes to which the defendant is pleading guilty. The Government and the defendant further stipulate that the Government would have proven, through the introduction of competent testimony and admissible, tangible exhibits, the following facts, beyond a reasonable doubt, to support the allegations in the Indictment now pending against the defendant:

The Government would show that, at all times mentioned in the Indictment, the defendant, **SCAFIDEL**, was a resident of the Eastern District of Louisiana and lived in Ponchatoula, Louisiana.

The Government would further present competent testimony and evidence that in about November 2018, a complainant knowledgeable with **SCAFIDEL'S** actions reported to Special Agents with the Federal Bureau of Investigation ("FBI") that **SCAFIDEL** possessed electronic storage devices that contained computer files depicting the sexual victimization of children.

Page 1 of 5

AUSA JG
Defendant [initials]
Defense Counsel [initials]

The Government would further present competent testimony and evidence, including the testimony of FBI Special Agent Richard Clark, Jr., that on about December 4, 2018, law enforcement officials executed a search warrant at **SCAFIDEL'S** residence, located in Ponchatoula, Louisiana. During the execution of the search warrant, **SCAFIDEL** possessed a leather pouch that contained, among other items, two electronic storage devices (*i.e.*, "thumb drives"). Agent Clark would testify that the FBI seized several electronic items during the execution of the search warrant, including the two thumb drives and four Toshiba Satellite laptop computers. Subsequently, some of the seized devices were determined to contain files (*i.e.*, images) depicting the sexual victimization of children.

The Government would further present competent testimony and evidence, including the testimony of Special Agent Clark, that during the execution of the search warrant, **SCAFIDEL** voluntarily spoke with FBI agents and acknowledged, among other things, that he had searched for and saved images of nude children.

The Government would further establish through testimony and forensic computer evidence that **SCAFIDEL** knowingly used the computers and external hard drives to search for, download, and save images depicting the sexual victimization of children. Further, the evidence and testimony would establish that a computer forensic search of the seized computers and related evidence revealed at least approximately 22,334 images depicting the sexual victimization of children.

Further, the Government would establish, through introducing the results of the computer forensic review, that **SCAFIDEL** used the Internet to visit websites and download, view, and save files depicting the sexual victimization of children, including on or about December 3, 2018.

Page 2 of 5

AUSA ⎦6
Defendant ⎯⎯
Defense Counsel ⎯⎯

Special Agent Clark and forensic examiners with the FBI would testify that they were able to determine, after reviewing evidence seized during the execution of the aforementioned search warrant, **SCAFIDEL** visited a web forum known to contain images of child pornography and downloaded multiple files depicting the sexual victimization of children. Specifically, on about December 3, 2018, **SCAFIDEL** visited a website known to contain, and in fact containing, files depicting the sexual exploitation of children. **SCAFIDEL** then downloaded multiple images depicting the sexual victimization of prepubescent minor children.

Forensic evidence consisting of medical testimony, law enforcement officers, and supporting documentation would establish that some of the child victims depicted in the images and videos of **SCAFIDEL** were of real, identifiable victims, less than the age of eighteen (18) years old. All of the images depicting the sexual victimization of minors possessed by the defendant would be introduced through the testimony of Special Agents with the FBI.

Forensic evidence and testimony would further establish some of the child victims depicted in the materials possessed by **SCAFIDEL** were of prepubescent children less than eighteen (18) years of age; to wit: less than one (1)-year-old at the time the child pornography was created. The testimony would further establish that the videos and images of the child victims depicted them engaging in "sexually explicit conduct," as defined in Title 18, United States Code, Section 2256. Among the files **SCAFIDEL** searched for, downloaded, and stored were some that portrayed "sadistic or masochistic conduct or other depictions of violence." Specifically, at least one image portrayed the sexual penetration of a conscious, bound prepubescent female.

Further, the Government would present evidence that would establish that the images of child pornography **SCAFIDEL** received had been transported in interstate commerce via

AUSA _JG_
Defendant _AL_
Defense Counsel _CPA_

computer. The Government would also establish, through testimony and documentary evidence, that the equipment used by the defendant to acquire the child pornography was transported in interstate or foreign commerce.

The above facts come from an investigation conducted by, and would be proven at trial by credible testimony from, the Special Agents and forensic examiners from the FBI, other witnesses, documents and electronic devices in the possession of the FBI, and statements made by the defendant, **EDD SCAFIDEL, JR.**

AUSA _JG_
Defendant _[signature]_
Defense Counsel _[signature]_

## Limited Nature of Factual Basis

This proffer of evidence is not intended to constitute a complete statement of all facts known by **DEFENDANT** and the Government. Rather, it is a minimum statement of facts intended to prove the necessary factual predicate for his guilty plea. The limited purpose of this proffer is to demonstrate that there exists a sufficient legal basis for the plea of guilty to the charged offense by **DEFENDANT**.

**APPROVED AND ACCEPTED:**

_____  _____1-9-20_____
EDD SCAFIDEL, JR.  Date
Defendant

_____  _____1/9/20_____
CELIA RHOADS  Date
(Louisiana Bar No. _____)
Attorney for Defendant Scafidel

_____  _____1-9-20_____
JORDAN GINSBERG  Date
(Illinois Bar. No. 6282956)
Assistant United States Attorney